*902 Contrary to the appellants’ contentions, the Supreme Court providently exercised its discretion, in the best interests of the subject alleged incapacitated person, Lisa D. (see Matter of Nimon, 15 AD3d 978, 979 [2005]; Matter of Rudick, 278 AD2d 328, 329 [2000]; see also Mental Hygiene Law § 81.01), by appointing one of her siblings as guardian for her property management and by authorizing that guardian to transfer certain of Lisa D.’s funds to a trust account to be established for Lisa D.’s benefit in a certain pooled trust established by her residential services provider (see Mental Hygiene Law § 81.02 [a] [1], [2]; § 81.19 [d]; see also Matter of Margaret K., 17 AD3d 466, 466 [2005]; cf. DiGennaro v Community Hosp. of Glen Cove, 204 AD2d 259, 260 [1994]). Also contrary to the appellants’ contention, the foregoing arrangement does not violate Mental Hygiene Law § 81.19 (e) (1) or (2) (cf. Matter of Patrick BB., 284 AD2d 636, 638-639 [2001]).
The Supreme Court providently exercised its discretion in awarding a sum certain to the petitioner’s counsel for legal services rendered as the attorney for the petitioner, to be paid from Lisa D.’s funds (see Mental Hygiene Law§ 81.16 [f]; Matter of Grace PP., 245 AD2d 824, 825 [1997]). Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.